MARGARET A. MORSMAN *vs.* CITY OF ROCKLAND.

Knox.    Opinion January 22, 1898.

*Way.    Defect.    Proximate Cause.    Damages.*

In an action to recover damages sustained in consequence of an injury received through a defect in a highway, the question whether the fright or misconduct of the horse which was driven by the plaintiff is such as to be regarded as the direct, proximate cause of the injury, is to be determined by the extent of such misconduct.

It may in a remote degree bear upon or even influence, though not in a legal sense be said to cause it.

If a horse well broken and adapted to the road, while being properly driven, suddenly shies or starts from the direct course, he is not in any just sense to be considered as escaping from the control of the driver, or becoming unmanageable, if he is in fact only momentarily not controlled.

And if while thus momentarily shying or swerving from the direct course he comes in contact with a defect in the highway, and an injury is thereby sustained, such conduct of the horse cannot be considered as the proximate cause of the accident, though it may be one of the agencies through which it was produced, and therefore a recovery may be had for such injury.

The plaintiff recovered in this case a verdict of $700 for damages sustained by her through a defective highway in the city of Rockland,—the defect being the want of a sufficient railing,—and the circumstances under which the injury was received, on the first day of May, 1895, are set out in the following manner in her declaration:—" And there was not, on said first day of May A. D. 1895, and had not been for a long time before, to wit; for one year before, any sufficient railing, nor in fact any railing whatever, or other protection for travelers on and along said bank or on and along the pond-side of said highway where said bank was located; that said highway at said point was narrow and teams meeting at that point to pass each other were forced very near said bank and in case of any sudden starting of the horse of the traveler on the pond-side of said highway at such passing was dangerously defective; that the said defendants had reasonable notice of all said defective condition, want of repair and want of sufficient railing, the municipal officers and highway surveyors of said city of Rockland having had actual notice of same at least twenty-four hours before the plaintiff received the injuries hereinafter set forth on the first day of May A. D. 1895; that the plaintiff on said first day of May A. D. 1895, was traveling over and along said highway in a good, safe and suitable wagon, drawn by a kind and well-broken horse, with a safe and suitable harness, driving said team herself in a careful and prudent manner, and the plaintiff was then and there in the exercise of ordinary care; that through said defect and want of repair and want of sufficient railing of said highway the said team she was driving while passing a loaded lime cask team was precipitated over said bank into the water of said pond, and the plaintiff was thereby thrown upon the rocks and ground thereon with great force, wounding and bruising her breast, head and neck and other parts of her body, rendering her unconscious, and nearly drowning her, making her sick and lame for weeks and from which she has not recovered, etc., . . . ." *Held;* that the verdict should not be disturbed on account of excessive damages.

On Motion by Defendant.

*J. H. and C. O. Montgomery,* for plaintiff.

*S. T. Kimball,* city solicitor, for defendant.

Sitting: Peters, C. J., Foster, Haskell, Wiswell, Strout, Savage, JJ.

Foster, J. Action to recover damages for an alleged injury to the plaintiff by reason of a defect in a highway in the city of Rockland.

The defect alleged was the absence of a sufficient railing along the easterly side of Chicawaukee pond, along which the highway passes. The plaintiff in passing over this highway met a loaded lime cask team, and in passing the same her horse took fright at the barrels and immediately backed over the bank, precipitating horse, carriage and plaintiff into the pond, and inflicting the injuries of which she complains.

There was no railing on the side of the highway, and the distance from the easterly wheel rut to the edge of the bank was about eighteen inches. The bank is nearly perpendicular, and about four and a half feet above the water, and then it drops off so that the bottom of the pond at that point is eight feet below the surface of the road. In going over the bank into the pond the wagon was turned completely over, bottom side up, and the plaintiff beneath it in the water.

The defense set up was that the fright of the horse was the proximate cause of the injury; the plaintiff's contention on the other hand being that the want of a sufficient railing was the proximate cause, and the fright of the horse was but momentary, and not of sufficient duration to be entirely freed from the control of the driver, and therefore not such a contributing cause as to relieve the city from its responsibility occasioned by the defective condition of the highway.

We think the plaintiff's position is correct.

The law of causal connection in this class of cases has been so thoroughly considered by our court in the cases of *Spaulding* v. *Winslow*, 74 Maine, 528; *Aldrich* v. *Gorham*, 77 Maine, 287; *Perkins* v. *Fayette*, 68 Maine, 152; *Moulton* v. *Sanford*, 51 Maine, 127; *Clark* v. *Lebanon*, 63 Maine, 393; *Cleveland* v. *Bangor*, 87 Maine, 259; and *Carleton* v. *Caribou*, 88 Maine, 461, that a reference to the decisions is all that is necessary. These authorities, as well as others of like nature in Massachusetts, all agree that the contributory fault to be sufficient to bar a recovery against a town or city for a defective highway must be something more than a mere condition, agency, or occasion of it,—it must be one of the efficient and proximate causes of the accident.

This distinction is clearly drawn in *Spaulding* v. *Winslow*, supra, where Chief Justice PETERS says: "Here, then, must be the proper distinction. If the hole or the horse's fright at the hole, was the proximate cause of the injury, the plaintiff cannot recover. If it by chance became merely an agency through which another defect operated to produce the injury, then he can recover."

The same distinction is observed in *Aldrich* v. *Gorham*, supra, wherein it is said that if any other efficient, independent cause, for which the town is not responsible, contributes directly to produce such injury, then the town is not liable.

Whether the fright or misconduct of the horse is such as to be regarded as the direct, proximate cause of the injury, in this or in any given case, is to be determined by the extent of such misconduct. It may in a remote degree bear upon or even influence, though not in a legal sense be said to cause it. Consequently, by the decisions, not only of our own State, but of Massachusetts, it is the settled doctrine, that if a horse well broken and adapted to the road, while being properly driven, suddenly shies or starts from the direct course, he is not in any just sense to be considered as escaping from the control of the driver, or becoming unmanageable, if he is in fact only momentarily not controlled; and if while thus momentarily shying or swerving from the direct course he comes in contact with a defect in the highway and an injury is thereby sustained, such conduct of the horse could not be considered as the proximate cause of the accident, though it may be one of the agencies or mediums through which it was produced, and therefore a recovery may be had for such injury. *Aldrich* v. *Gorham*, supra; *Spaulding* v. *Winslow*, 74 Maine, 534; *Titus* v. *Northbridge*, 97 Mass. 258; *Stone* v. *Hubbardston*, 100 Mass. 55; *Bemis* v. *Arlington*, 114 Mass. 508; *Wright* v. *Templeton*, 132 Mass. 50.

In this case the fright of the horse was sudden, the loss of control but momentary, the accident immediately following. In no just sense was the fright of the horse the proximate cause of the accident. It was merely an agency, which induced, influenced the accident, a medium or inducement through which another and independent defect produced the injury. The efficient, proximate

cause of the injury was the want of a sufficient railing at the place of the accident.

Nor do we think the verdict should be disturbed on account of the damages being excessive. The evidence is such as may well have warranted the jury in determining the amount of their verdict.

*Motion overruled.*